Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: rachel@kaufmanpa.com

*Attorney for Plaintiff and the Proposed Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAMOND GOMEZ, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ARCADIA RECOVERY BUREAU LLC, a Pennsylvania registered company,<br><br>*Defendant.* | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

**CLASS ACTION COMPLAINT**

Plaintiff Diamond Gomez ("Plaintiff Gomez" or "Gomez") brings this Class Action Complaint and Demand for Jury Trial against Defendant Arcadia Recovery Bureau LLC ("Defendant" or "Arcadia Recovery Bureau") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Gomez, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**PARTIES**

1. Plaintiff Diamond Gomez is a resident of San Jose, California.

2. Defendant Arcadia Recovery Bureau is a Pennsylvania registered company headquartered in Reading, Pennsylvania. Defendant Arcadia Recovery Bureau conducts business throughout this District, throughout California and throughout the US.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227.

4. This Court has personal jurisdiction over the Defendant because the Defendant does business in this District and makes calls into this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Plaintiff resides in this District and the wrongful conduct giving rise to this case was directed by Defendant into this District.

**INTRODUCTION**

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in July 2023 alone, at a rate of 138.6 million per day. www.robocallindex.com (last visited August 18, 2024).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

3

13.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14.     Arcadia Recovery Bureau is an Annuity Health company.[3]

15.     Defendant Arcadia Recovery Bureau handles the billing and collections of hospitals, physician practices, municipal courts systems, state and local government/municipality services and utilities throughout the US.[4]

16.     Arcadia Recovery Bureau places debt collection calls to consumers throughout the US.

17.     Arcadia Recovery Bureau places debt collection calls using pre-recorded messages.

18.     Consumers have captured and posted pre-recorded calls they received from Arcadia Recovery Bureau online, including:

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.annuityhealth.com/bad-debt.html
[4] https://www.linkedin.com/company/arcadia-recovery-bureau/

4

## Typical Messages

🎙 This message is for this message is for this message is for this message is this message is for ****. If we have reached the wrong number for this person. This message is for. This message is for ****. If we have reached the wrong number for this person please call us back at 833-690-2261 to remove your number. If this is not **** then please disconnect this call now. If you are **** please continue to listen to this message you should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message. If the call needs to be disconnected or if you need to listen to this message in private. By continuing to listen to this message you acknowledge you are Timothy Bass and are listening to this message in private. This is Arcadia Recovery Bureau. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpo...

🎙 This message is for *****. If you are not ***** please hang up or disconnect. If you are ***** please continue to listen to this message there will now be a three second pause in this message. By continuing to listen to this message you knowledge that you are *****.

🎙 Message is for this message is for ****. If we have reached the wrong number for this person please call us back at 83369022612 remove your number. If this is not **** then please disconnect this call. Now if you are **** please continue to listen to this message you should not listen to this message, so that other people can hear it as it contains personal and private information there will now be a three second pause in this message if the call needs to be disconnected or if you need to listen to this message in private. By continuing to listen to this message you acknowledge you are **** and are listening to this message in private this is Mario recovery bureau. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact us about an important matter at 833-687-6967. Thank you. [5]

## Typical Messages

🎙 This message is for this message is for this message is for this message is this message is for ****. If we have reached the wrong number for this person. This message is for. This message is for ****. If we have reached the wrong number for this person please call us back at 833-690-2261 to remove your number. If this is not **** then please disconnect this call now. If you are **** please continue to listen to this message you should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message. If the call needs to be disconnected or if you need to listen to this message in private. By continuing to listen to this message you acknowledge you are Timothy Bass and are listening to this message in private. This is Arcadia Recovery Bureau. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpo...

🎙 Message is for this message is for ****. If we have reached the wrong number for this person please call us back at 83369022612 remove your number. If this is not **** then please disconnect this call. Now if you are **** please continue to listen to this message you should not listen to this message, so that other people can hear it as it contains personal and private information there will now be a three second pause in this message if the call needs to be disconnected or if you need to listen to this message in private. By continuing to listen to this message you acknowledge you are **** and are listening to this message in private this is Mario recovery bureau. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact us about an important matter at 833-687-6967. Thank you.

🎙 Nobody is available to take your call at the moment nobody is available to take your call at the moment. Please hold for the next available agent. Nobody is available to take your call at the moment. If you are the third caller in ... Financial. [6]

---

[5] https://directory.youmail.com/phone/833-690-2257
[6] https://directory.youmail.com/phone/888-957-3629

5

19. Arcadia Recovery Bureau employs skip tracing as a method used to track down consumers.

20. Unfortunately, as a result of its skip tracing, Arcadia Recovery Bureau places calls to consumers using pre-recorded messages when it does not have the consent necessary to place such calls.

21. Consumers have posted complaints online about calls that they received from Arcadia Recovery Bureau that were regarding debts those consumers didn't owe, including:

- "Won't stop calling me but I have no current debt. They call and then they ask you to call the same number that called you right back...."[7]
- "Calling for the wrong person over and over and over again. This should be illegal."[8]
- "This company continues to call me and harass me, stating they are collecting a debt in which I have no idea what it is for. For example they have called me 5/26 @ 4:36pm, 5/31 @ 9:11am & 6/8 @ 8:45am. All of these 3 times I have been at work and unable to answer phone calls. They left very vague voicemails on 2 of those instances. At this point I am requesting a cease and desist and would like to not be contacted again."[9]
- "This collection agency is harassing me for a made up debt in a state I don't live or have a business in . Its for some business license renew for 2023 for 62.70 . I don't have a business nor anything to renew or even do business in that state or any state ."[10]

22. In response to these calls, Plaintiff Gomez brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

---

[7] https://www.google.com/search?q=arcadia+recovery
[8] Id.
[9] https://www.bbb.org/us/pa/reading/profile/collections-agencies/arcadia-recovery-bureau-0241-236002306/complaints
[10] Id.

6

## PLAINTIFF GOMEZ'S ALLEGATIONS

23. Plaintiff Gomez is the sole owner and user of her cell phone number ending in 0287.

24. Plaintiff Gomez acquired her cell phone number in 2006.

25. Plaintiff Gomez has been receiving unwanted calls, including pre-recorded calls from Arcadia Recovery Bureau to her cell phone.

26. The calls are intended for somebody named Don Spingola regarding an alleged debt that Plaintiff Gomez does not owe.

27. Plaintiff Gomez does not know who Don Spingola is.

28. On January 12, 2019 at 12:48 PM, Plaintiff Gomez received a call to her cell phone from 888-600-8047.

29. When Plaintiff answered this call, an employee named Andrea said that she was calling from Arcadia Recovery Bureau regarding a debt owed by Don Spingola.

30. Plaintiff told Andrea that she was calling the wrong phone number and that she does not know who Don Spingola is.

31. On October 22, 2020 at 12:21 PM, Plaintiff Gomez received a call from 408-792-4600. This call was not answered, but a pre-recorded voicemail was left identifying the company name CBSJ Financial.

32. The voicemail stated that the call was intended for Don Spingola.

33. Arcadia Recovery Bureau acquired CBSJ Financial in 2014.

34. Plaintiff Gomez received another call on November 4, 2020 at 12:54 PM.

35. This call was not answered, but a pre-recorded voicemail was left identifying the company name CBSJ Financial.

36. The voicemail stated that the call was intended for Don Spingola.

37. On December 22, 2021 at 3:15 PM, Plaintiff received a call from 888-602-8047.

38. When Plaintiff answered this call, an employee named Pam Whitney said that she was calling from Arcadia Recovery Bureau regarding a debt that is owed by Don Spingola.

39. Plaintiff told Whitney that she is not Spingola and doesn't know who he is.

40. Plaintiff mentioned that she was receiving calls from CBSJ Financial and was told that Arcadia Recovery Bureau owns CBSJ.

41. Despite letting Arcadia Recovery Bureau know that it was calling the wrong phone number, Plaintiff Gomez received additional pre-recorded voicemails on:

- December 26, 2021 at 1:47 PM from 800-491-4550;
- December 29, 2021 at 11:11 AM from 800-491-4550;
- December 31, 2021 at 11:22 AM from 800-491-4550;
- January 2, 2022 at 1:59 PM from 800-491-4550;
- January 15, 2022 at 9:21 AM from 800-491-4550;
- January 20, 2022 at 9:15 AM from 800-491-4550;
- January 28, 2022 at 9:38 AM from 800-491-4550;
- January 29, 2022 at 5:16 PM from 800-491-4550;
- January 30, 2022 at 8:18 AM from 800-491-4550;
- February 2, 2022 at 11:41 AM from 800-491-4550;
- February 3, 2022 at 4:45 PM from 800-491-4550;
- February 4, 2022 at 12:41 PM from 800-491-4550;
- February 6, 2022 at 9:47 PM from 800-491-4550;
- February 11, 2022 at 11:34 AM from 800-491-4550;
- February 16, 2022 at 10:24 AM from 800-491-4550;
- February 18, 2022 at 9:08 AM from 800-491-4550;
- February 23, 2022 at 10:34 AM from 800-491-4550;
- February 24, 2022 at 10:15 AM and 10:55 AM from 800-491-4550;
- February 27, 2022 at 8:52 AM from 800-491-4550;
- March 9, 2022 at 10:41 AM from 800-491-4550;
- March 11, 2022 at 7:01 PM from 800-491-4550;
- March 16, 2022 at 10:00 AM from 800-491-4550;
- March 18, 2022 at 7:10 PM from 800-491-4550;
- March 20, 2022 at 8:16 AM from 800-491-4550;
- November 30, 2022 at 5:27 PM from 800-491-4550;
- December 4, 2022 at 3:33 PM from 800-491-4550;
- December 7, 2022 at 10:21 AM from 800-491-4550;
- December 8, 2022 at 3:31 PM from 800-491-4550;

- December 15, 2022 at 9:15 AM from 800-491-4550;
- December 17, 2022 at 9:34 AM from 800-491-4550;
- December 22, 2022 at 3:57 PM from 800-491-4550;
- December 31, 2022 at 2:22 PM from 800-491-4550;
- January 4, 2023 at 8:52 AM from 800-491-4550;
- January 11, 2023 at 4:51 PM from 800-491-4550;
- January 12, 2023 at 12:36 PM from 800-491-4550;
- January 21, 2023 at 2:54 PM from 800-491-4550;
- January 28, 2023 at 8:52 AM from 800-491-4550;
- February 3, 2023 at 11:41 AM from 800-491-4550;
- February 4, 2023 at 11:39 AM from 800-491-4550;
- March 17, 2023 at 2:59 PM from 800-491-4550;
- April 13, 2023 at 1:10 PM from 800-491-4550;
- June 8, 2023 at 11:32 AM from 800-491-4550;
- June 13, 2023 at 11:57 AM from 800-491-4550;
- June 16, 2023 at 3:22 PM from 800-491-4550;
- June 17, 2023 at 3:12 PM from 800-491-4550;
- June 21, 2023 at 11:34 AM from 800-491-4550;
- June 27, 2023 at 10:14 AM from 800-491-4550;
- June 29, 2023 at 12:59 PM from 800-491-4550;
- June 30, 2023 at 3:46 PM from 800-491-4550;
- July 7, 2023 at 4:07 PM from 800-491-4550;
- July 13, 2023 at 4:07 PM from 800-491-4550;
- July 14, 2023 at 10:12 AM from 800-491-4550;
- July 19, 2023 at 10:43 AM from 800-491-4550;
- August 2, 2023 at 10:53 AM from 800-491-4550;
- August 17, 2023 at 3:16 PM from 800-491-4550;
- October 31, 2023 from 800-491-4550;
- November 8, 2023 at 3:44 PM from 800-491-4550;
- November 9, 2023 at 2:32 PM from 800-491-4550;
- November 10, 2023 at 1:30 PM from 800-491-4550;
- November 11, 2023 at 10:49 AM from 800-491-4550;

42. All of the voicemails that Plaintiff Gomez received were intended for Don Spingola and most of the voicemails were identical to each other.

43. 800-491-4550 is owned/operated by Arcadia Recovery Bureau.[11]

---

[11] Based in an investigation conducted by Plaintiff's attorneys

44. The following screenshots show pre-recorded voicemails that Plaintiff received and show that many were identical to each other:

 

45. Plaintiff Gomez has continued receiving unwanted pre-recorded calls and voicemails from Arcadia Recovery Bureau throughout 2024.

46. Plaintiff Gomez believes that the voicemails were all pre-recorded because they sound robotic, the intonation is unnatural, many voicemails were identical and many feature repeating wording or they are unnaturally cut-off.

47. Plaintiff never provided consent for Defendant Arcadia Recovery Bureau to place pre-recorded calls to her cell phone number.

10

48. The unauthorized telephone calls that Plaintiff received from or on behalf of Defendant has harmed Plaintiff Gomez in the form of annoyance, nuisance, and invasion of privacy, occupied her phone memory, and disturbed the use and enjoyment of her phone.

49. Seeking redress for these injuries, Plaintiff Gomez, on behalf of herself and Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

50. Plaintiff Gomez brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant called on their cellular telephone number (2) using an artificial or pre-recorded voice.

51. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Gomez anticipates the need to amend the Class definition following appropriate discovery.

52. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

53. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

    (b)    whether the calls constitute a violation of the TCPA;

    (c)    whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

54. **Adequate Representation**: Plaintiff Gomez will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Gomez has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Gomez and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Gomez nor her counsel have any interest adverse to the Class.

55. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Gomez. Additionally, the damages suffered

by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
Telephone Consumer Protection Act
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Gomez and the Pre-recorded No Consent Class)**

56. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

57. Defendant transmitted unwanted telephone calls to Plaintiff Gomez and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

58. These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

59. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

13

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all pre-recorded calling activity that is done without proper consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Gomez requests a jury trial.

**DIAMOND GOMEZ**, individually and on behalf of all others similarly situated,

DATED this 10th day of December, 2024.

By: /s/ *Rachel E. Kaufman*
Rachel Elizabeth Kaufman
Kaufman P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
(305) 469-5881
Email: rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*

14